NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

ROBERT BURNS ARNOLD, *Appellant.*

Nos. 1 CA-CR 17-0076, 1 CA-CR 17-0077
FILED 12-28-2017

Appeal from the Superior Court in Mohave County
Nos. S8015CR201401461, S8015CR2014-01455
The Honorable Billy K. Sipe, Jr., Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Mohave County Legal Advocate, Kingman
By Jill L. Evans
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Jon W. Thompson delivered the decision of the Court, in which Presiding Judge Kenton D. Jones and Chief Judge Samuel A. Thumma joined.

---

**T H O M P S O N**, Judge:

¶1        This is a consolidated appeal under *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969).  Counsel for Robert Burns Arnold (defendant) has advised us that, after searching the entire record, she has been unable to discover any arguable questions of law and has filed briefs requesting this court to conduct an *Anders* review of the records.  Defendant was given the opportunity to file a supplemental brief in propria persona, but did not do so.

¶2        On September 3, 2014, police were called to Kingman Regional Medical Center.  Defendant had been admitted to the intensive care unit, unconscious and on life support.   On his person, the nurse found four baggies containing a black tar substance later identified as heroin and each weighing between .44 grams and .98 grams.  Defendant later admitted using heroin since 2006, admitted purchasing this heroin, and said it "almost killed" him.   He was charged with possession of narcotic drugs, a class 4 felony, and possession of drug paraphernalia, a class 6 felony.  When defendant failed to appear, he was tried in absentia and found guilty on both counts.  Because this was a Proposition 200 offense, defendant was sentenced as a first-time drug offender to one day of probation.  This was the basis for the appeal in 1 CA-CR 17-0077.

¶3        On October 28, 2014, police executed a search warrant at defendant's home on an unrelated matter.   Defendant was intercepted in the residence with a large baggie containing approximately 21 grams of heroin and a metal container of pills, including hydromorphone.   Inside the home, police found, among other things, chunks of heroin in the toilet, another 3.72 grams of heroin, and paraphernalia including a scale, pipes, and syringes.   Defendant had text messages, sent and received, indicating he was involved in the sale of methamphetamine and heroin. Defendant was charged with possession of narcotic drug for sale, a class 2 felony, possession of narcotic drugs, a class 4 felony, and possession of drug paraphernalia, a class 6 felony.  When defendant failed to appear, he was

tried in absentia in August 2015, and found guilty on all counts. The trial court found defendant had two historical prior felony convictions, as well as two additional felony convictions from Mohave County which did not qualify as prior historical felonies. The court then conducted the aggravation/mitigation phase of the trial, finding the large amount of heroin and the prior convictions as aggravating factors and his addiction as a slightly mitigating factor. Defendant was sentenced as a category 3 repetitive offender, to an aggravated sentence of 18 years on count 1. He was sentenced to an aggravated sentence of 12 years on count 2, and 5 years on count 3. The three sentences run concurrently. Defendant received credit for 44 days of presentence incarceration. This is the basis for the appeal in 1 CA-CR 17-0076.

¶4        We have read and considered defendant's *Anders* briefs, and we have searched the entire record for reversible error. *See Leon*, 101 Ariz. at 300. We find none. All of the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure, and the sentences imposed were within the statutory limits. Upon the filing of this decision counsel shall inform defendant of the status of the appeal and his options. Pursuant to *State v. Shattuck*, 140 Ariz. 582, 584-85 (1984), defendant's counsel's obligations in this appeal are at an end. Defendant has thirty days from the date of this decision in which to proceed, if he so desires, with an *in propria persona* motion for reconsideration or petition for review.

¶5        We affirm the convictions and sentences.

